IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH LITTLE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> RECEIVABLES PERFORMANCE : <br> MANAGEMENT, LLC, a Washington : <br> limited liability company, : <br> : <br> Defendant. : <br> : | CIVIL ACTION FILE <br><br> NO. _____ |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.  This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200, and the Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff KENNETH LITTLE is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC is a limited liability company organized under the law of the State of Washington. [Hereinafter said defendant is referred to as "RECEIVABLES"].

5. RECEIVABLES transacts business in this State.

6. RECEIVABLES' transactions in this State give rise to the Plaintiff's Cause of Action.

7. RECEIVABLES is in the business of collecting debts.

8. In the course of its business, RECEIVABLES directed telephone calls to Plaintiff's cellular telephone number.

9. RECEIVABLES is subject to the jurisdiction and venue of this Court.

10. RECEIVABLES may be served by personal service on its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

11. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.  Specifically, the creditor on whose behalf the calls were placed may be added as a party and liable for the conduct of RECEIVABLES.

## STATEMENT OF FACTS

12. Defendant uses the mails in its business.

13. Defendant uses telephone communications in its business.

14. The principle purpose of Defendant's business is the collection of debts.

15. Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

16. Defendant attempted to collect an alleged obligation of a consumer to pay money to a business not a party to this litigation.

17. The alleged obligation of the consumer arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes.

18. The averment of the previous paragraph is supported by an admission by the defendant that the telephone calls at issue in the Complaint were an attempt to collect a debt.  Upon a reasonable opportunity for further investigation and discovery, the factual contentions will likely have further evidentiary support.

19. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

20. Defendant made and/or initiated telephone calls to Plaintiff's cellular telephone number.

21. The telephone calls were initiated in an attempt to collect a debt from a person by the name of Kenneth Brown.

22. Plaintiff is not Kenneth Brown and does not know any person by the name of Kenneth Brown.

23. The telephone calls were initiated using a predictive dialer.

24. The telephone calls were initiated using collection software capable of predictive dialing.

25. The telephone calls were initiated using equipment that dials numbers.

26. RECEIVABLES uses predictive dialing software developed by Noble Systems Corporation.

27. The telephone calls in to Plaintiff's cellular telephone number were initiated using predictive dialing software developed by Noble Systems Corporation.

28. When RECEIVABLES's computer software is attached to its dialing equipment, it has the capacity to store telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

29. RECEIVABLES programs telephone numbers into its contact center and predictive dialing software which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

30. RECEIVABLES's dialing system has the capacity to dial from a list of telephone numbers without human intervention.

31. RECEIVABLES's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

32. RECEIVABLES did not have the prior express consent of Plaintiff to initiate telephone calls to his cellular telephone number using an automatic telephone dialing system.

33. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

34. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

35. It was the intent of RECEIVABLES to initiate the telephone calls to the cellular telephone number.

36. The natural consequence of automatically dialed calls to a non-debtor is to harass, oppress or abuse the recipient of the telephone calls.

37. By initiating the telephone calls without Plaintiff's prior express consent in its attempts to collect a debt, RECEIVABLES has taken an action that cannot legally be taken.

38. In the telephone calls, Defendant identified itself only as "RPM".

39. The calls did not state that they were for the purpose of confirming or correcting location information.

40. The calls did state that they were "an attempt to collect a debt."

41. The use of only an acronym to identify the defendant is not meaningful disclosure of the caller's identity.

42. In the telephone calls, Defendant did not provide meaningful disclosure of its identity.

43. The telephone calls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

44. Defendant's telephone calls violate the Fair Debt Collection Practices Act.

45. Defendant's telephone calls violate the Telephone Consumer Protection Act.

46. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

47. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

48. Defendant's violations of the TCPA include, but are not limited to, the following:

49. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

50. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

51. In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of $1,500.00 for each such violation.

52. In the event that this Court finds that the Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT TWO: FAIR DEBT COLLECTION PRACTICES ACT

53. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

54. Defendant's violations of the FDCPA include, but are not limited to, the following:

55. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

56. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6); and

57. Taking an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

58. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory and treble damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney's fee;

c) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:    /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

ATTORNEYS FOR PLAINTIFF